JAMES S. TERRELL, ESQ. (CSBN: 170409)
LAW OFFICE OF JAMES S. TERRELL
15411 Anacapa Road
Victorville, CA 92392
(760) 951-5850 – Telephone
(760) 952-1085 – Facsimile
Email:  jim@talktoterrell.com

SHARON J. BRUNNER, ESQ. (CSBN:229931)
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
(760) 243-9997- Telephone
(760) 843-8155- Facsimile
Email:  sharonjbrunner@yahoo.com

Attorneys for Plaintiff:
Dominic Archibald,

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOMINIC ARCHIBALD,  AN INDIVIDUAL AND AS SUCESSOR IN INTEREST TO NATHANAEL H. PICKETT  II, DECEASED.** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **COUNTY OF SAN BERNARDINO, KYLE HAYDEN WOODS and DOES 1-10, INCLUSIVE.** <br><br> **Defendants.** | **Case Number:  5:16-cv-1128** <br><br> **COMPLAINT FOR DAMAGES, VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH (42 USC 1983) AND VIOLATION OF AMERICAN WITH DISABILTIES ACT (ADA), 42 USC 1201, AND RELATED PENDANT TORT CLAIMS** <br><br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action for damages under the laws under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiffs and their decedent, by said status, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

1

Complaint for Damages

2.      Pursuant to USC § 1331, this Court has original jurisdiction under the Civil Rights Act 42 1983 the American with Disabilities Act (ADA) claim and related common law claims pursuant to 28 USC 1331, 1343.

3.      Venue is proper in this Court because the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

4.       Plaintiff filed a timely claim under Government Code Section 911.2 etal and brings pendant actions under state law.

**PARTIES AND JURISDICTION**

5.  The Plaintiff, DOMINIC ARCHIBALD, is the next of kin and/or the successor of interest to Nathanael Pickett, deceased. She brings this action on behalf of herself, the and as heirs, next of kin or other persons entitled to seek relief as a result of the unlawful and wrongful death of Nathanael Pickett. This action is filed pursuant to CCP 337.60, 377.30, et al and a declaration is filed under CCP 377.32 with death certificate of Nathanael H. Pickett II.

6.  The County of San Bernardino is a governmental entity, existing by virtue of the laws and Constitution of the State of California.

7.  The Defendant, Kyle Hayden Woods, is and/or was at all times pertinent hereto, a sworn law enforcement officer specifically, said defendant is and was a Sheriff's Deputy and member of the San Bernardino County Sheriff's Department.

8.  The Defendant,  Doe 1, is a man whose identify is presently unknown to the Plaintiff, but whose person is well known to the defendants.

9.  This is an action for damages and such other and further relief as may be consistent with law pursuant to 42 USC §1983, to redress violations of the decedent's rights protected by the United States  Constitution, by person acting under color of state law.

2

Complaint for Damages

10.  This is also a survivor's action and one for wrongful death brought pursuant to the Constitution, statutes and/or common law of the State of California.

11.  All events transactions or occurrences took place in the City of Barstow, California, unless specifically alleged otherwise.

12. This action is otherwise properly before this Honorable Court.

**FACTS**

13..  On or about November 19, 2015, Plaintiff's decedent, Nathanael Pickett, returned to his place of temporary residence at the El Rancho Motel following a short walk through Barstow. Pickett suffered a mental illness.

14. Without probable cause, reasonable suspicion to believe Pickett had violated the law, or any other legitimate law enforcement purpose Defendant Woods approached Pickett, demanding that he stop and answer questions. While talking to Pickett, Woods was later joined by John Doe, who on information and belief, Plaintiff states is a civilian who was accompanying Woods as he patrolled the City of Barstow.

15. After talking to Woods for a short time, Pickett resumed walking towards his room at the motel, whereupon Woods followed Pickett, again demanding that he stop and answer additional questions. Pickett again stopped and an additional discussion ensued. Woods ignored another motel resident who advised him that Pickett suffered a mental illness, that he (the resident) looked out for Pickett and that he could help Pickett understand the deputy if he (Pickett) was having trouble understanding the deputy.

16. After talking to Pickett for a few additional minutes, Woods approached Pickett, touching him in some manner, prompting Pickett to run away from Woods.

---

3

Complaint for Damages

17. While running away from Woods, Pickett fell face down to the ground, rolled to a sitting position over and began scooting backwards, away from Woods.

18. Thereafter, though Pickett posed no threat of harm to Woods, Doe, or any other person, and in the absence of any legal justification for doing so, Woods then unlawfully, improperly and maliciously shot Pickett.

19. Woods then reholstered his gun, and though Pickett was seriously wounded, Woods and Doe then viciously and maliciously begun to beat Pickett, punching and kicking him about the hand.

20. Pickett died shortly thereafter of the gunshot wounds inflicted by Woods.

## FIRST CAUSE OF ACTION
## UNREASONABLE SEARCH AND SEIZURE- DETENTION AND ARREST
## (42 U.S.C. 1983 § 1983)
## (AGAINST ALL DEFENDANTS

21.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

22.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

23.     On November 19, 2015 ALL DEPUTIES made conduct with DECEDENT, PICKETT, who suffered from mental illness and was no committing no crime. Defendant Deputy Woods had no objectively reasonable of specifically articulable factual basis to suspect that DECENDET was involved in the commission of any crime. Nor did the Defendant Woods have any confirmation that DECEDENT had committed any crime, nor posed a threat to any deputy, and did not see DECEDENT in possession of any illegal objects, contraband or weapons.

24.     The conduct of DEPUTY WOODS AND DOE 1 violated DECEDENT's right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to

4

Complaint for Damages

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

the United States Constitution and applied to state actors by their Fourteenth Amendment.

25.    The conduct of DEPUTY WOODS  is unreasonably seizing DECEDENT up to and including the making and the subsequent conduct of reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to all these DEFENDANT DEPUTY WOODS

26.    As a direct result of the unreasonable detention of DECEDENT, PLAINTIFF have suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection moral support, support of DECEDENT.

27.    As a direct result of the unreasonable detention of DECEDENT, he experienced severe pain and suffering and the loss of life for which he, by PLAINTIFF, is entitled to recover damages.

## SECOND CAUSE OF ACTION
### EXCESSIVE FORCE
### (42 U.S.C. § 1983)
### (v DEFENDANT WOODS)

28.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29.    The unjustified detention of DECEDENT by DEPUTY WOODS, and subsequent unjustified use of excessive force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.    This action of DEPUTY WOODS and DOE 1 deprived DECEDENT of his right to be free from state actions that shock the conscience under the Fourth Amendment's Due Process clause.

31.    As a result of conduct of DEPUTY WOODS AND DOE 1, they are liable for PLAINTIFF, for the DECEDENT's injuries and death, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

5

Complaint for Damages

32.     The conduct of DEPUTY WOODS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to ALL DEFENDANT DEPUTIES. Decedent died a slow painful death, struggling to breathe

33.     Accordingly, DEFENDANT DEPUTY WOODS AND DOE 1 are each are liable to PLAINTIFFs for compensatory and punitive damages under 42 U.S.C. § 1983

## THIRD CAUSE OF ACTION
## MUNCIPAL LIABILITY FOR UNCONSITUTIONAL CUSTOMS OR POLICY
## (42 U.S.C. § 1983)
## (AGAINST DEFENDANT SAN BERNARNDINO COUNTY)

34.     Plaintiffs hereby repeats, re-states, incorporates, each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.     On and for some time prior to November 19, 2015 (and continuing to present date) Defendants COUNTY, San Bernardino Sheriff's Department and DOE supervisors, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in their class, situation and comparable position in particular , knowingly maintained enforced and applied an official recognized COUNTY and SAN BERNANDINO SHERRIF's DEPARTMENT.

a.     Employing and retaining as Deputies and other personnel, including ALL DEPUTIES and DEPUTY WOODS, who Defendants San Bernardino Sherriff's department SUPERVISORS and at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written San Bernardino Sherriff's Department policies and for using excessive force;

b.     Of inadequately supervising, training, controlling, assigning and disciplining San Bernardino Sherriff's Department deputies and other San Bernardino Sherriff's Department personnel, including ALL DEPUTIES including DEPUTY WOODS, who Defendants San

Complaint for Damages

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

Bernardino County Sherriff's Department and DOE 2-5 supervisors each new or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

c.   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by ALL DEPUTIES including DEPUTY WOODS , who are San Bernardino County Sherriff's Department deputies.

d.   By Having and maintaining an unconstitutional custom and practice of using excessive force and covering up police misconduct. These customs and practices by COUNTY and DOE SUPERVISORS were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including PLAINTIFF, AND DECEDENT.

36.   By reason of the aforementioned policies and practices of Defendants COUNTY, and DOE SUPERVISORS DOES 2-5, Plaintiffs experienced severe pain and suffering and the loss of their son, their father's life, for which he, is entitled to recover damages.

37.   Defendants COUNTY,AND DOE SUPERVISORS, DOES 2-5 together with various other officials, whether named, or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerate and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies and respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

38.   By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, and DOE SUPERVISORS, acted with an international, reckless, callous disregard for the well-being of DECEDENT and his constitutional as well as human rights. Defendants COUNTY, DOE SUPERVISORS, and each of their actions were willful, wanton, oppressive malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

39.   Furthermore, the policies, practices, and customs implemented and tainted and still

7

Complaint for Damages

tolerated by Defendants COUNTY, and DOE SUPERVISORS, were affirmatively linked to and were a significantly influential force behind the Plaintiffs' injuries.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. §1983)
### (Deliberate Indifference to Decedent's Medical Needs)
### (v ALL DEFENDANTS)

40.     Plaintiffs hereby re-alleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41.     Decedent was entitled to receive necessary medical attention while in the care and custody of the SAN BERNARDINO SHERRIF'S DEPARTMENT. In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment. DEPUTY WOODS and DOE 1 did nothing to assist or attempt to Save Picketts' life and one half hour passed before help arrived.

42.     As a proximate result of defendants' conduct, Plaintiffs suffered injuries and damages as set forth herein.

## FIFTH CAUSE OF ACTION
### (Wrongful Death)
### (U.S.C. §1983)
### (v ALL DEFENDANTS)

43.     Plaintiffs hereby re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44.     Defendants acted under color of law by making and restricting decedent's breathing without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

8

Complaint for Damages

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and/or,

## SIXTH CAUSE OF ACTION
### (Violations of Plaintiffs' Civil Rights to Familial Relationship)
### (42 U.S.C. § 1983)
### (v ALL DEFENDANTS)

45.     Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint as though fully set forth;

46.     Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of her right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and attempted to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## SEVENTH CAUSE OF ACTION
### (Survival action: Violation of decedent's civil rights)
### (42 U.S.C. §1983)
### (v ALL DEFENDANTS)

47.     Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint.

9

Complaint for Damages

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

48.    DECEDENT was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

49.    DECEDENT PICKETT did not file a legal action before his death;

50.    Plaintiffs DOMINIC ARCHIBALD, as successors-of-interest of NATHAN H. PICKETT II claims damages for the conscious pain and suffering incurred by DECEDENT, as provided for under 42 U.S.C. §1983.

## EIGTH CAUSE OF ACTION

### (Violation of Americans with Disabilities Act)

### ( v ALL DEFENDANTS)

51.    Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 50 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

52.    Plaintiffs allege as a cause of action that the Defendants in violation of the ADA failed to provide PICKETT with any reasonable accommodation to his known qualifying disability in their interactions with Plaintiff PICKETT on the day of his death.

53.    As providers of governmental services, the County of San Bernardino had a duty to comply with the Title II of the ADA prohibiting discrimination against person with disabilities, a history of having disabilities or who are perceived to have a disability. As of the date of his death, PICKETT met all three prongs of eligibility application of the ADA.

54.    As a direct and proximate result of the Defendants' violation of the ADA set forth above, PICKETT incurred substantial emotion and physical harm.

55.    DECEDENT PICKETT lost his life after incurring substantial pain and injury as a direct and proximate result of the Defendants' acts in violation of the ADA as set forth above.

Complaint for Damages

LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road, Victorville, CA 92392
(760) 951-5850          talktoterrell.com

## NINTH CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (C.C.P. §377.60 and 377.61)
### (v ALL DEFENDANTS)

56.     Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

57.     Defendants and DOES 6-10 inclusive, by and through their respective agents and employees, proximately caused the death of decedent NATHAN H. PICKETT II, on November 19, 2015 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

58.     As an actual and proximate result of said defendants' negligence, and the death of decedent. Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, and services of her son, decedent, in an amount according to proof at trial.

59.     As a further actual and proximate result of said defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

60.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries.

## TENTH CAUSE OF ACTION
### (ASSAULT AND BATTERY – SURVIVAL CLAIM
### (v ALL DEFENDANTS)

61.     Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 59 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

62.     At or about the dates and places alleged herein, DEFENDANT DEPUTY WOODS,

11

Complaint for Damages

without provocation, warrant, necessity or legal justification, assaulted and battered DECEDENT PICKETT  by shooting him two times and attacking Pickett with, unreasonable and excessive force and violence, thereby causing PICKETT's injuries and death as herein described.

63.    PLAINTIFF is informed and believe, and upon such information and belief alleges, DEFENDANT DEPUTY WOODS , COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, and each of them, are responsible for implementing, maintaining, sanctioning, ratifying, and/or condoning a policy, custom, or practice under with the individual DEFENDANTS committed the aforementioned illegal and wrongful acts.

64.    PLAINTIFF is informed and believe, and upon such information and belief alleges, DEFENDANT DEPUTY WOODS, and DOES 1-10, inclusive, and each of them are liable for the injuries, damages, and death of PICKETT as they knew, or should have known, the customs, practices, policies and acts of the individual Defendant Deputies who caused  DECEDENT PICKETT'S death, by failing to provide him with safety and the medical attention he required when he commenced suffering from medical distress.

65.    As a legal result of all DOE DEFENDANTS AND DEPUTY WOODS' acts and omissions as described, PLAINTIFF decedent, PICKETT, suffered a traumatic and brutal assault DEPUTY WOODS leading to death.  PLAINTIFF DOMINIC ARCHIBALD have incurred funeral and services expenses in an amount according to proof.

66.    Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully, maliciously and with the expressed intent to harm PICKETT and deliberate risk of death to PICKETT.  By reason thereof, PLAINTIFF seek punitive and exemplary damages from DEFENDANTS, individual, in an amount according to proof.

## ELEVENTH CAUSE OF ACTION
### (Violation of Decedent's Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (v ALL DEFENDANTS)

12

Complaint for Damages

67.     Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 66 of this complaint.

68.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

## TWELTH CAUSE OF ACTION
### (Violation of Decedent's State Statutory Rights)
### (Violation of CALIFORNIA CIVIL CODE §51.7)
### (v ALL DEFENDANTS)

69.     Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 68 of this complaint.

70.     Plaintiffs is informed and believes and thereon alleges that the conduct of Defendant DEPUTY WOODS and DOES 1 through 10, inclusive, as described herein, was motivated by prejudice against NATHANAEL H. PCIKETT. Decedent is and was readily recognizable as African-American. In engaging in such conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

71.     Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

72.     As a proximate result of Defendants' wrongful conduct, decedent suffered damages as hereinafter set forth.

13

Complaint for Damages

**DAMAGES**

73.  As a direct and proximate result of the defendants acts and/or omissions alleged herein, Plaintiff's decedent Nathanael Pickett suffered:

        a) Shock, fright, anxiety and mental distress

        b) Conscious pain and suffering

        c) Death

74.. As a direct and proximate result of the defendants' acts or omissions, Pickett's heirs, next of kin or interested parties suffered and continue to suffer:

        a) Grief, shock, sorrow and emotional distress.

        b) Loss of love companionship and society.

        c) Pecuniary injuries

        d)Funeral costs

**PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE.

1.  For General Damages according to proof;

2.  For Special damages according to proof;

3.  For Exemplary damages as provided by law; in an amount to be proved against each individual Defendant;

4.  For Civil Penalties pursuant to Civil Code § 52;

5.  For Attorney's Fees pursuant to Civil Code §§52 and 52.1 and under U.S.C. 1985 and 1988;

6.  For Costs of suit;

7.  For such other and further relief as the Court may deem proper

14

Complaint for Damages

Dated: 5/31/2016

/s/
_____
James S. Terrell
15411 Anacapa Rd.
Victorville, CA 92392
(760) 951-5850

Dated: 5/31/2016

/s/
_____
Sharon J. Brunner
Attorney for the Plaintiffs
14393 Park Avenue, Suite 100
Victorville, CA 92392

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: 5/31/2016

/s/
_____
James S. Terrell
15411 Anacapa Rd.
Victorville, CA 92392
(760) 951-5850

Dated: 5/31/2016

/s/
_____
Sharon J. Brunner
Attorney for the Plaintiffs
14393 Park Avenue, Suite 100
Victorville, CA 92392

15

Complaint for Damages