LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Tanya Sukhija (SBN 295589)
E-mail: tsukhija@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

LAW OFFICE OF JAMES S. TERRELL
James S. Terrell, Esq. (SBN: 170409)
Email: jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel: (760) 951-5850
Fax: (760) 952-1085

LAW OFFICE OF SHARON J. BRUNNER
Sharon J. Brunner, Esq. (SBN: 229931)
Email: sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel: (760) 243-9997
Fax: (760) 843-8155

Attorneys for PLAINTIFF:
DOMINIC ARCHIBALD

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DOMINIC ARCHIBALD, AN INDIVIDUAL AND AS SUCESSOR IN INTEREST TO NATHANAEL PICKETT II, DECEASED.**<br><br>**PLAINTIFF,**<br><br>**vs.**<br><br>**COUNTY OF SAN BERNARDINO, KYLE WOODS, WILLIAM KELSEY and DOES 2-10, INCLUSIVE.**<br>**Defendants.** | **Case No. 5:16-cv-01128 –AB-SPx**<br><br>[*Hon. Andre Birotte, Jr.*]<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability—Ratification |

(42 U.S.C. § 1983)
5. Municipal Liability—Failure to Train (42 U.S.C. § 1983)
6. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
7. Substantive Due Process (42 U.S.C. § 1983)
8. Americans with Disabilities Act
9. Negligence (Wrongful Death/Survival)
10. Assault and Battery (Wrongful Death/Survival)
11. Violation of Cal. Civil Code § 52.1
12. Violation of Cal. Civil Code § 51.7
13. False Arrest/False Imprisonment

DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action for damages under the laws under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges, and immunities secured to PLAINTIFF and her decedent, by said status, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

2.      Pursuant to USC § 1331, this Court has original jurisdiction under the Civil Rights Act 42 § 1983, the American with Disabilities Act (ADA) claim and related common law claims pursuant to 28 USC §§ 1331, 1343.

3.      Venue is proper in this Court because the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

4.       PLAINTIFF filed a timely claim under Government Code Section 911.2 et al. and brings pendant actions under state law.

## PARTIES AND JURISDICTION

5.      The PLAINTIFF, DOMINIC ARCHIBALD, is the next of kin and the successor-in-interest to Nathanael Pickett, deceased.  She is the biological mother of the decedent.  She brings this action on behalf of herself, and heirs, next of kin or other persons entitled to seek relief as a result of the unlawful and wrongful death of Nathanael Pickett.  This action is filed pursuant to CCP 337.60, 377.30, et al and a declaration is filed under CCP 377.32 with the death certificate of Nathanael Pickett II.

6.      The County of San Bernardino is a governmental entity, existing by virtue of the laws and Constitution of the State of California.

7.      The Defendant, Kyle Woods, is and/or was at all times pertinent hereto, a sworn law enforcement officer. Specifically, said defendant was acting under color of law in the course and scope of his duties as a Sheriff's Deputy and member of the San Bernardino County Sheriff's Department.

8.      The Defendant, William "Bill" Kelsey ("Doe 1") is and/or was at all times acting under color of law in the scope and course of his duties as a volunteer Citizen on Patrol with the San Bernardino County Sheriff's Department.

9.      Defendant DOES 2-10 are supervisory employees, and/or managerial, supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties as deputies of the San Bernardino County Sheriff's Department.  They were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.      The true names and capacities of DOES 2-10 are unknown to PLAINTIFF, who otherwise sues these Defendants by such fictitious names.  PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

11.     This is an action for damages and such other and further relief as may be consistent with law pursuant to 42 USC §1983, to redress violations of the decedent's rights protected by the United States  Constitution, by persons acting under color of state law.

12.     This is also a survivor's action and one for wrongful death brought pursuant to the Constitution, statutes and/or common law of the State of California.

13.     All events transactions or occurrences took place in the City of Barstow, California, unless specifically alleged otherwise.

14.     This action is otherwise properly before this Honorable Court.

**FACTS**

15.     On or about November 19, 2015, PLAINTIFF's decedent, Nathanael Pickett, returned to his place of temporary residence at the El Rancho Motel following a short walk through Barstow. Pickett suffered from a mental illness.

16.     Without probable cause or reasonable suspicion to believe Pickett had violated the law, or any other legitimate law enforcement purpose, Defendant Woods approached Pickett, demanding that he stop and answer questions. While talking to Pickett, Woods was later joined by Mr. Kelsey, who on information and belief, PLAINTIFF believes is a volunteer Citizen on Patrol for the San Bernardino County Sheriff's Department who was accompanying Woods as he patrolled the City of Barstow.

17.     After talking to Woods for a short time, Pickett resumed walking towards his room at the motel, whereupon Woods followed Pickett, again demanding that he stop and answer additional questions. Pickett again stopped and an additional discussion ensued. Woods ignored another motel resident who advised him that Pickett suffered a

mental illness, that he (the resident) looked out for Pickett and that he could help Pickett understand the deputy if he (Pickett) was having trouble doing so.

18.     After talking to Pickett for a few additional minutes, Woods approached Pickett, touching him in some manner, prompting Pickett to run away from Woods.

19.     While running away from Woods, Pickett fell face down to the ground, rolled to a sitting position over and began scooting backwards, away from Woods.

20.     Thereafter, though Pickett posed no threat of harm to Woods, Kelsey, or any other person, and in the absence of any legal justification for doing so, Woods then unlawfully, improperly and maliciously shot Pickett.

21.     Woods then reholstered his gun, and though Pickett was seriously wounded, Woods and Kelsey then viciously and maliciously begun to beat Pickett, punching and kicking him about the head.

22.     Woods and Kelsey failed to promptly or immediately provide Pickett with necessary medical attention.

23.     DEPUTY WOODS and KELSEY were integral participants in the wrongful detention and arrest of Pickett and excessive force against Pickett, or failed to intervene to prevent these violations.

24.     Pickett died shortly thereafter of the gunshot wounds inflicted by Woods.

## **FIRST CLAIM FOR RELIEF**

## **FOURTH AMENDMENT-UNREASONABLE SEARCH AND SEIZURE-DETENTION AND ARREST**

### **(42 U.S.C. § 1983)**

### **(AGAINST DEFENDANTS WOODS AND KELSEY)**

25.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

27. DEPUTY WOODS and KELSEY acted under color of law.

28. On November 19, 2015 WOODS and KELSEY made contact with DECEDENT, PICKETT, who suffered from mental illness and was not committing any crime. Defendant Deputy Woods had no objectively reasonable or specifically articulable factual basis to suspect that DECEDENT was involved in the commission of any crime. Nor did the Defendant Woods have any confirmation that DECEDENT had committed any crime, nor posed a threat to any deputy, and did not see DECEDENT in possession of any illegal objects, contraband or weapons.

29. DEPUTY WOODS and KELSEY had no reasonable suspicion to detain DECEDENT and no probable cause to arrest DECEDENT. The scope and manner of DEPUTY WOODS' and KELSEY's detention of DECEDENT was unreasonable.

30. The conduct of DEPUTY WOODS AND KELSEY violated DECEDENT's right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. DEPUTY WOODS and KELSEY are liable to PLAINTIFF, for the DECEDENT's injuries and death, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

32. The conduct of DEPUTY WOODS and KELSEY was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary

and punitive damages as to ALL DEFENDANT DEPUTIES..

33.     As a direct result of the unreasonable detention of DECEDENT, PLAINTIFF has suffered the loss of love, care, comfort, society, companionship, assistance, protection, affection, moral support, and support of DECEDENT.

34.     As a direct result of the unreasonable detention of DECEDENT, he experienced severe pain and suffering and the loss of life for which he, by PLAINTIFF, is entitled to recover damages.  PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent.  PLAINTIFF seeks survival damages, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim.  PLAINTIFF also seeks attorney's fees.

## SECOND CLAIM FOR RELIEF
### FOURTH AMENDMENT-EXCESSIVE FORCE
### (42 U.S.C. § 1983)
### (AGAINST DEFENDANTS WOODS AND KELSEY)

35.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.     The unjustified detention of DECEDENT by DEPUTY WOODS and KELSEY, and subsequent unjustified use of excessive force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     DEPUTY WOODS and KELSEY acted under color of law.

38.     DEPUTY WOODS used excessive force against DECEDENT including but not limited to beating, punching, kicking, and shooting DECEDENT.

39.     KELSEY used excessive force against DECEDENT including but not limited to beating, punching, and kicking DECEDENT.

40.     As a result of the conduct of DEPUTY WOODS and KELSEY, they are liable to PLAINTIFF for the DECEDENT's injuries and death, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

41.     The conduct of DEPUTY WOODS and KELSEY was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to WOODS and KELSEY. Decedent died a slow, painful death, struggling to breathe.

42.     Accordingly, DEFENDANTS DEPUTY WOODS and KELSEY are each liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. § 1983. PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent.  PLAINTIFF seeks survival damages, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim. PLAINTIFF also seeks attorney's fees.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY - UNCONSITUTIONAL CUSTOM OR POLICY
### (42 U.S.C. § 1983)
## (AGAINST DEFENDANTS SAN BERNARDINO COUNTYAND DOES 2-10)

43.     PLAINTIFF hereby repeats, re-states, incorporates, each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44.     On and for some time prior to November 19, 2015 (and continuing to the present date) Defendants COUNTY, SAN BERNARDINO SHERIFF'S DEPARTMENT and DOE SUPERVISORS 2-10, deprived PLAINTIFF of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of PLAINTIFF, and of persons in her class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy recognized by COUNTY and SAN BERNARDINO SHERIFF's DEPARTMENT.

45.     DEPUTY WOODS and KELSEY acted under color of law.

46.     DEPUTY WOODS and KELSEY acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

47.     On information and belief, DEPUTY WOODS and KELSEY were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

48.     Defendants COUNTY, WOODS and KELSEY together with other COUNTY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

a.   Using excessive force, including excessive deadly force;

b.   Providing inadequate training regarding the use of deadly force;

c.   Employing and retaining as Deputies and other personnel, including ALL DEPUTIES and DEPUTY WOODS, who Defendants SAN BERNARDINO SHERIFF'S DEPARTMENT DOE SUPERVISORS 2-10, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written San Bernardino

Sheriff's Department policies and for using excessive force;

d.   Inadequately supervising, training, controlling, assigning and disciplining SAN BERNARDINO SHERIFF'S DEPARTMENT deputies and other San Bernardino Sheriff's Department personnel, including ALL DEPUTIES including DEPUTY WOODS, who Defendants SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and DOE SUPERVISORS 2-10 each knew, or in the exercise of reasonable care, should have known had the aforementioned propensities and character traits.

e.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by ALL DEPUTIES including DEPUTY WOODS, who are SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT deputies.

f.   Failing to adequately discipline COUNTY Deputies, including WOODS for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g.   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

h.   Refusing to discipline, terminate, or retrain the deputies involved, even where shootings were determined in court to be unconstitutional;

i.   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which deputies do not report other deputies' errors, misconduct or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will

claim ignorance of the other deputies' wrongdoing;

    j.   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings of unarmed people.

    k.   Having and maintaining an unconstitutional custom and practice of using excessive force and covering up police misconduct. These customs and practices by COUNTY and DOE SUPERVISORS 2-10 were condoned by said defendants in deliberate indifference to the safety and rights of its civilians, including PLAINTIFF, and DECEDENT.

    49.   By reason of the aforementioned policies and practices of Defendants COUNTY and DOE SUPERVISORS 2-10, PLAINTIFF experienced severe pain and suffering and the loss of her son, for which she is entitled to recover damages.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

    50.   Defendants COUNTY, and DOE SUPERVISORS 2-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions ratified such policies.  Said defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

    51.   By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, and DOE SUPERVISORS 2-10, acted with an international, reckless, callous disregard for the well-being of

DECEDENT and his constitutional as well as human rights. Defendants COUNTY, DOE SUPERVISORS 2-10, and each of their actions were willful, wanton, oppressive malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

52.     Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants COUNTY, and DOE SUPERVISORS 2-10, were affirmatively linked to, and were a significantly influential force behind, the PLAINTIFF's injuries.

53.     PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

54.     PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent.  PLAINTIFF seeks survival damages, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim. PLAINTIFF also seeks attorney's fees.

## FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY – RATIFICATION
### (42 U.S.C. § 1983)
### (AGAINST DEFENDANTS SAN BERNARDINO COUNTY AND DOES 2-10)

55.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     Defendants WOODS and KELSEY acted under color of law.

57.     The acts of Defendants WOODS and KELSEY deprived DECEDENT and PLAINTIFF of their particular rights under the United States Constitution.

58.     Upon information and belief, the final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

59.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants WOODS and KELSEY ratified the individual defendants' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

60.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants WOODS and KELSEY were "within policy."

61.     By reason of the aforementioned acts and omissions, PLAINTIFF has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

62.     Accordingly, Defendants COUNTY and DOES 2-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

63.     PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent.  PLAINTIFF seeks survival damages, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim.  PLAINTIFF also seeks attorney's fees.

//
//
//
//
//

**FIFTH CLAIM FOR RELIEF**

**MUNICIPAL LIABILITY – FAILURE TO TRAIN**

**(42 U.S.C. § 1983)**

(**AGAINST DEFENDANTS SAN BERNARDINO COUNTYAND DOES 2-10**)

64.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.     Defendant WOODS and KELSEY acted under color of law;

66.     The acts of Defendants WOODS and KELSEY deprived DECEDENT and PLAINTIFF of their particular rights under the United States Constitution.

67.     On information and belief, COUNTY failed to properly and adequately train WOODS and KELSEY, including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force; and with regard to the treatment of persons who are suspected of having some type of mental illness.

68.     The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal and lethal force, and the treatment of persons who are suspected of having some type of mental illness.

69.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

70.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of PLAINTIFFs' rights by Defendants WOODS and KELSEY; that is, Defendants' failure to train is so closely related to the deprivation of PLAINTIFFs' rights as to be the moving force that caused the ultimate injury.

71.     By reason of the aforementioned acts and omissions, PLAINTIFF has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her

natural life.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

72.     Accordingly, Defendants COUNTY and DOES 2-10 each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

73.     PLAINTIFF brings this claim both individually and as a successor-in-interest to DECEDENT.  PLAINTIFF seeks survival damages, including for the nature and extent of DECEDENT's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim.  PLAINTIFF also seeks attorney's fees.

### SIXTH CLAIM FOR RELIEF
### FOURTH AMENDMENT – DENIAL OF MEDICAL CARE
### (42 U.S.C. §1983)
### (AGAINST DEFENDANTS WOODS AND KELSEY)

74.      PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 through 73 of this Complaint.

75.     DEPUTY WOODS and KELSEY acted under color of law.

76.     The denial of medical care by DEPUTY WOODS and KELSEY deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. DEPUTY WOODS and KELSEY did nothing to assist or attempt to save Pickett's life and one half hour passed before help arrived.

77.     As a proximate result of Defendants' conduct, PLAINTIFF suffered injuries and damages as set forth herein, including great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of

earning capacity.

78.    The conduct of DEPUTY WOODS and KELSEY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

79.    As a result of their misconduct, Defendants DEPUTY WOODS and KELSEY are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

80.    PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent.  PLAINTIFF seeks survival damages, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages under this claim. PLAINTIFF also seeks attorney's fees.

## SEVENTH CLAIM FOR RELIEF
### FOURTEENTH AMENDMENT-SUBSTANTIVE DUE PROCESS
### (42 U.S.C. § 1983)
### (AGAINST DEFENDANTS WOODS AND KELSEY)

81.    PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 80 of this Complaint as though fully set forth;

82.    DEPUTY WOODS and KELSEY acted under color of law.

83.    Defendants, acting under color of state law, and without due process of law, deprived PLAINTIFF of her right to a familial relationship in such a manner as to shock the conscience by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in DECEDENT's death, all

without provocation and attempted to conceal their excessive use of force and hide the true cause of decedent's demise to deprive PLAINTIFF of her right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

84.    The aforementioned actions of WOODS and KELSEY along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and PLAINTIFF, and with purpose to harm unrelated to any legitimate law enforcement objective.

85.    DEPUTY WOODS and KELSEY are liable to PLAINTIFF, for the DECEDENT's injuries and death, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

86.    PLAINTIFF brings this claim individually and seeks wrongful death damages under this claim.  PLAINTIFF also seeks attorney's fees.

## EIGHTH CLAIM FOR RELIEF
### VIOLATION OF AMERICANS WITH DISABILITIES ACT
### (AGAINST ALL DEFENDANTS)

87.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 86 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

88.    PLAINTIFF alleges as a claim for relief that the Defendants, in violation of the ADA, failed to provide PICKETT with any reasonable accommodation to his known qualifying disability in their interactions with PLAINTIFF PICKETT on the day of his death.

89.     As providers of governmental services, the County of San Bernardino had a duty to comply with the Title II of the ADA prohibiting discrimination against persons with disabilities, a history of having disabilities or who are perceived to have a disability. As of the date of his death, PICKETT met all three prongs of eligibility for application of the ADA.

90.   As a direct and proximate result of the Defendants' violation of the ADA as set forth above, PICKETT incurred substantial emotional and physical harm.

91.   DECEDENT PICKETT lost his life after incurring substantial pain and injury as a direct and proximate result of the Defendants' acts in violation of the ADA as set forth above.

## NINTH CLAIM FOR RELIEF
### NEGLIGENCE – WRONGFUL DEATH AND SURVIVAL
### (C.C.P. §377.60 and §377.61)
### (AGAINST ALL DEFENDANTS)

92.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 91 of this Complaint.

93.     Defendants and DOES 2-10 inclusive, by and through their respective agents and employees, proximately caused the death of DECEDENT NATHANAEL PICKETT II, on November 19, 2015 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

94.     Sheriff's Deputies and volunteers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes, but is not limited to, using appropriate tactics, giving appropriate commands, giving warnings,

and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

95.     Defendants breached this duty of care.  Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)     the negligent communication of information during the incident;

(e)     the negligent post-shooting conduct, including the failure to provide prompt medical care to DECEDENT; and

(f)     the failure to properly train and supervise employees and volunteers, including WOODS and KELSEY.

96.     COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY WOODS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

97.     As an actual and proximate result of said defendants' negligence, and the resulting death of DECEDENT, PLAINTIFF has sustained pecuniary loss resulting from the loss of companionship, comfort, support, society, care, sustenance and services of her son, decedent, and will continue to be so deprived for the remainder of her natural life, in an amount according to proof at trial.

98.   As a further actual and proximate result of said defendants' negligence, PLAINTIFF incurred funeral and burial expenses, in an amount according to proof at trial.

99.   Pursuant to California C.C.P. Sections 377.30, 377.60 and 377.61, PLAINTIFF has brought this action, and claims both survival damages, namely any economic losses of Decedent, and wrongful death damages from said defendants for the wrongful death of decedent, and the resulting injuries.

## TENTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY – SURVIVAL AND WRONGFUL DEATH
### (AGAINST ALL DEFENDANTS)

100.   PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 99 of this Complaint.

101.   At or about the dates and places alleged herein, DEFENDANT DEPUTY WOODS, while acting within the course and scope of his duties as a Sheriff's Deputy for the San Bernardino County Sheriff's Department, without provocation, warrant, necessity or legal justification, assaulted and battered DECEDENT PICKETT by shooting him two times and attacking Pickett with unreasonable and excessive force and violence, thereby causing PICKETT's injuries and death as herein described.

102.   WOODS used unreasonable force against DECEDENT, including but not limited to, beating, punching, kicking, and shooting DECEDENT.

103.   At or about the dates and places alleged herein, DEFENDANT KELSEY, while acting within the course and scope of his duties as a volunteer Citizen on Patrol for the San Bernardino County Sheriff's Department, without provocation, warrant, necessity or legal justification, assaulted and battered DECEDENT PICKETT by attacking Pickett with unreasonable and excessive force and violence, thereby causing

PICKETT's injuries as herein described.

104.   KELSEY used unreasonable force against DECEDENT including but not limited to beating, punching, and kicking DECEDENT.

105.   PLAINTIFF is informed and believes, and upon such information and belief alleges, DEFENDANT DEPUTY WOODS, KELSEY, COUNTY OF SAN BERNARDINO, and DOES 2-10, inclusive, and each of them, are responsible for implementing, maintaining, sanctioning, ratifying, and/or condoning a policy, custom, or practice under with the individual DEFENDANTS committed the aforementioned illegal and wrongful acts.

106.   PLAINTIFF is informed and believes, and upon such information and belief alleges, DEFENDANT DEPUTY WOODS, KELSEY, and DOES 2-10, inclusive, and each of them are liable for the injuries, damages, and death of PICKETT as they knew, or should have known, the customs, practices, policies and acts of the individual Defendant Deputies WOODS and KELSEY who caused DECEDENT PICKETT'S death, by failing to provide him with safety and the medical attention he required when he commenced suffering from medical distress.

107.   As a legal result of all DOE DEFENDANTS and DEPUTY WOODS' and KELSEY's acts and omissions as described, PLAINTIFF's decedent, PICKETT, suffered a traumatic and brutal assault by DEPUTY WOODS leading to death. PLAINTIFF DOMINIC ARCHIBALD has incurred funeral and services expenses in an amount according to proof.

108.   PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

109.   COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY WOODS pursuant to section 815.2(a) of the California Government

Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

110.   Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully, maliciously and with the expressed intent to harm PICKETT and conscious or reckless disregard for the risk of death to PICKETT.  By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, in an amount according to proof at trial.

111.   PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent, and seeks both survival damages, including any economic losses of Decedent, and wrongful death damages under this claim.

## ELEVENTH CLAIM FOR RELIEF
### VIOLATION OF DECEDENT'S RIGHT TO ENJOY CIVIL RIGHTS
### (Cal. Civ. Code §52.1)
### (AGAINST ALL DEFENDANTS)

112.   PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 111 of this complaint.

113.   California Civil Code Section 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

114.   Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

115.   On information and belief, Defendants WOODS and KELSEY, while

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at *6 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

Case No. 5:16-cv-01128-AB-SPx
First Amended Complaint for Damages

representing the COUNTY and acting within the course and scope of their duties, intentionally committed acts of violence against DECEDENT, including shooting and beating him without justification or excuse, integrally participating and failing to intervene in the above violence, and by denying him necessary medical care. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and excessive force under the Fourth Amendment.

116.   On information and belief, Defendants also retaliated against DECEDENT in response to his statement "I'm going to my room, I live here," choosing not to further engage with Deputy WOODS after DECEDENT repeatedly asked WOODS if he had done anything wrong, to which WOODS repeatedly answered "No." Thus, Defendants also violated DECEDENT's First Amendment right when they retaliated against DECEDENT using excessive and unreasonable force, killing him.

117. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

118. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants WOODS and KELSEY were intended to discourage him from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

119. Defendants' above-described conduct, while acting within the course and scope of their duties for the COUNTY, constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

120. The conduct of Defendants was a substantial factor in causing

PLAINTIFF's harms, losses, injuries, and damages.

121.  COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY WOODS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

122.  Defendants DOES 2-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

123.  The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's and PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants DEPUTY WOODS and KELSEY.

124.  PLAINTIFF brings this claim both individually and as a successor-in-interest to Decedent, and seeks survival damages under this claim, as well as attorney's fees.

## TWELFTH CLAIM FOR RELIEF
### VIOLATION OF DECEDENT'S STATE STATUTORY RIGHTS
### (Cal. Civ. Code §51.7)
### (AGAINST ALL DEFENDANTS)

125.  PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 124 of this complaint.

126.  PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendants DEPUTY WOODS, KELSEY and DOES 2 through 10, inclusive, as described herein, was motivated by prejudice against NATHANAEL PICKETT. Decedent is and was readily recognizable as African-American. In engaging in such

conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

127.  COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of DEPUTY WOODS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

128.  Defendants DOES 2-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

129.  Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

130.  As a proximate result of Defendants' wrongful conduct, decedent suffered damages as hereinafter set forth.  PLAINTIFF brings this claim as a successor-in-interest to Decedent, and seeks survival damages under this claim.

## THIRTEENTH CLAIM FOR RELIEF
### FALSE ARREST/FALSE IMPRISONMENT
### (AGAINST DEFENDANTS WOODS AND KELSEY)

131.  PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 130 of this Complaint with the same force and effect as if fully set forth herein.

132.  Defendant DEPUTY WOODS and KELSEY, while acting within the course and scope of their duties for the County of San Bernardino Sheriff's Department, intentionally deprived DECEDENT of his freedom of movement by use of force, threats

of force, menace, fraud, deceit, and unreasonable duress.  WOODS and KELSEY detained DECEDENT without reasonable suspicion and arrested him without probable cause.  The scope and manner of their detention of DECEDENT was also unreasonable.

133.   DECEDENT did not knowingly or voluntarily consent.

134.   Defendants WOODS and KELSEY detained DECEDENT for an appreciable amount of time including by demanding he stop and answer questions, shooting him, and beating him and making him otherwise feel that he was not free to leave.

135.   The conduct of WOODS and KELSEY was a substantial factor in causing the harm to DECEDENT.

136.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendant DEPUTY WOODS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

137.   Defendants DOES 2-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

138.   The conduct of WOODS and KELSEY was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling PLAINTIFF to an award of exemplary and punitive damages.

139.   As a result of their misconduct, Defendant WOODS and KELSEY are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

140.   PLAINTIFF brings this claim individually and as a successor-in-interest to DECEDENT, and seeks survival damages including for the nature and extent of

Decedent's injuries and loss of life and enjoyment of life, and wrongful death damages under this claim.

## **DAMAGES**

141.  As a direct and proximate result of the defendants acts and/or omissions alleged herein, PLAINTIFF's decedent Nathanael Pickett suffered:

   a) Shock, fright, anxiety and mental distress

   b) Conscious pain and suffering

   c) Death

   d) Loss of life and loss of enjoyment of life

142. As a direct and proximate result of the defendants' acts or omissions, PLAINTIFF has suffered and continues to suffer:

   a) Grief, shock, sorrow and emotional distress.

   b) Loss of love, companionship, and society.

   c) Pecuniary injuries.

   d) Funeral costs.

## **PRAYER**

WHEREFORE, PLAINTIFF prays judgment against Defendants and each of them as follows:

AS TO EACH CLAIM FOR RELIEF AS APPLICABLE.

1.  For General and Special Damages, including both survival and wrongful death damages, according to proof;

2.  For Exemplary Damages as provided by law; in an amount to be proved against each individual Defendant;

3.  For Civil Penalties pursuant to Civil Code § 52;

27

Case No. 5:16-cv-01128-AB-SPx

First Amended Complaint for Damages

4.  For Attorney's Fees pursuant to Civil Code §§52 and 52.1 and under U.S.C. 1985 and 1988;

5.  For Costs of Suit;

6.  For such other and further relief as the Court may deem proper

Dated: March 3, 2017   THE LAW OFFICE OF DALE K. GALIPO
         THE LAW OFFICE OF SHARON J. BRUNNER
         THE LAW OFFICES OF JAMES S. TERRELL

         By:  */s/ Dale K. Galipo*
          Dale K. Galipo

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated: March 3, 2017   THE LAW OFFICE OF DALE K. GALIPO
         THE LAW OFFICE OF SHARON J. BRUNNER
         THE LAW OFFICES OF JAMES S. TERRELL

         By:  */s/ Dale K. Galipo*
          Dale K. Galipo

Case No. 5:16-cv-01128-AB-SPx
First Amended Complaint for Damages